# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PNC BANK, NATIONAL ASOCIATION, a National Banking Association, | 2:15-cv-00108-RFB-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| STARFIRE CONDOMINIUM OWNERS' ASSOCIATION, *et al.*, | |
| Defendant. | |

This matter is before the Court on Plaintiff PNC Bank, N.A.'s ("plaintiff") motion to stay discovery (doc. # 15), filed June 1, 2015. Defendant Starfire Condominium Owners' Association ("defendant") did not file an opposition.

## DISCUSSION

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Landis v. North American Co., 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254. In exercising its discretion, the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976).

An overly lenient standard for granting a motion to stay would result in unnecessary delay

in many cases.  That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery.  <u>Turner Broadcasting System, Inc. v. Tracinda Corp.</u>, 175 F.R.D. 554, 556 (D. Nev. 1997).[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief.  <u>See</u> <u>Tradebay</u>, 278 F.R.D. at 603; <u>see also</u> <u>Wood v. McEwen</u>, 644 F.2d 797, 801 (9th Cir. 1981) (<u>per curiam</u>).  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied."  <u>Tradebay</u>, 278 F.R.D. at 601 (citing <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir.1975)).  Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay... will work damage to someone else."  <u>Dependable Highway Express, Inc. v. Navigators Insurance Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007).  Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in being required to go forward."  <u>Lockyer v. State of California</u>, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that plaintiff has made the strong showing necessary to support a stay of discovery that would promote efficiency and justice in this case.  Defendant will not be prejudiced because it will have an opportunity to conduct discovery, if appropriate, after the stay.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's unopposed motion to stay discovery (doc. # 15) is **granted**.

**IT IS FURTHER ORDERED** that discovery shall be stayed until the district judge rules on the pending motion for summary judgment (doc. # 14).

**IT IS FURTHER ORDERED** that the parties shall file a joint status report regarding the necessity of the stay **within 10 days** after the district judge rules on the pending motion for summary judgment (doc. # 14).

DATED: June 30, 2015

_____
C.W. Hoffman, Jr.
**United States Magistrate Judge**

---

[1] As noted in <u>Tradebay, LLC v. eBay, Inc.</u>, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  278 F.R.D. 597, 603 (D. Nev. 2011).